Dear Mr. Donovan:
At the request of the Louisiana Tax Commission, you have solicited an opinion of the Attorney General to verify whether J.M. Manufacturing and Nan Ya Plastics qualify as new manufacturing establishments for the exemption of ad valorem taxes under Article VII, Section 21 (F) of the Louisiana Constitution of 1974. Section 21 (F) provides the following:
 "(F) Notwithstanding any contrary provision of this Section, the State Board of Commerce and Industry or its successor, with the approval of the governor, may enter into contracts for the exemption from ad valorem taxes of a new manufacturing establishment, or an addition to an existing manufacturing establishment, on such terms and conditions as the board, with the approval of the governor, deems in the best interest of the state.
 The exemption shall be for an initial term of no more than five calendar years, and may be renewed for an additional five years. All property exempted shall be listed on the assessment rolls and submitted to the Louisiana Tax Commission or its successor, but no taxes shall be collected thereon during the period of exemption.
 The terms "manufacturing establishment" and "addition" as used herein mean a new plant or establishment or an addition or additions to any existing plant or establishment which engages in the business of working raw materials into wares suitable for use or which gives new shapes, qualities or combinations to matter which already has gone through some artificial process."
Initially, it should be noted that the authority to determine whether a particular taxpayer may be exempt from the payment of ad valorem taxes is a factual determination reserved by the constitution to the State Board of Commerce and Industry (Board), with the approval of the Governor. While the Attorney General does not have the authority to grant tax exemptions, we would like to provide our assistance to the appropriate decision-making authorities relative to this issue.
The primary purpose of this 10-year exemption is to induce industry to locate or expand in Louisiana and to create new jobs. Hence, any exemption granted must be for these stated purposes. This policy is expressed in the Board's Industrial Tax Exemption Program. In its "Description of the Law" section preceding its Rules, the Board states, in pertinent part:
 "All new or expanding manufacturing operations are eligible to be considered for 10-year property tax exemption. The basic criteria are: 1) the operation must be manifestly manufacturing; 2) it must create employment; 3) it must be in the best interest of the state to grant the exemption; and 4) conforms to all rules of the Board of Commerce and Industry, particularly Rule 1.
* * *
 A company considering applying for industrial tax exemption should keep in mind from the beginning of construction that the Board of Commerce and Industry places great weight on the observance of its Rule 1. This rule stresses the use of Louisiana manufacturers, Louisiana contractors, Louisiana laborers, and Louisiana suppliers when establishing or expanding an industrial facility."
Rule 1 further states, in part:
 "It is a legal and moral obligation of the manufacturers receiving exemptions to favor Louisiana manufacturers, suppliers, contractors and labor, all other factors being equal."
Further, in order for a facility to qualify for tax exempt status under Section 21 (F), it must either be a new "manufacturing establishment" or and "addition" to an existing manufacturing establishment, as those terms are defined in said section.
Thus, to qualify, the two applicants must fall within the purview of the public policy for which the exemption was created (i.e. industry inducement and job creation) and be a new manufacturing establishment or an addition to an existing one.
The correspondence attached to your request indicates concern over the timeliness of the filing of applications for exemption. The Board's Rule 2 (a) requires the advance notification of intent to apply for tax exempt status to be filed at least ninety days prior to the beginning of construction or installation of facilities. A fee of one hundred dollars must accompany the advance application.
Rule 2 (b) requires the application for tax exemption to be filed within a minimum of six months after construction begins and/or not later than three months before completion of construction or beginning of operations, whichever occurs first. A fee based on a percentage of the amount of taxes to be exempted must be submitted with this application, said fee to be calculated by the applicant. If the fee submitted is incorrect, the Board reserves the right to return the application, which application will not be considered officially received and accepted until the appropriate fee is submitted. The application must be received four weeks prior to the Board meeting at which it will be considered.
According to the September 4, 1992 letter from Formosa Plastics Corporation, USA (Formosa), the parent company, construction of the J-M plant began in June of 1990, and was completed in April of 1991. Ms. Kay Wallace, Coordinator of the Industrial Tax Exemption Program, advised that the advance notice of intent and fee were timely filed with the Board in July of 1989. The application for exemption and corresponding fee were also timely filed in November of 1990.
Construction of the Nan Ya facility began in March of 1990. Board records reflect that the advance notice of intent and fee were timely filed in February of 1989. Construction was completed in November of 1991. The application for exemption and fee were timely filed in October of 1989.
Ms. Wallace advised that, while the fees submitted with the application were correct, the applications for tax exemption were incomplete and were returned to Formosa. The Board held the applications, duly filed, pending the submission of additional information. By letter dated August 31, 1992, the Board granted Formosa an extension until September 15, 1992, to file the completed applications. They were timely received as per letter from the Board dated September 15, 1992.
The Honorable J.P. Jewell, Jr. Assessor, of Point Coupee Parish, advised that he has delayed placing the two applicants on the tax roll, pending the Board's decision on the granting of the exemption. To date, no ad valorem taxes have been paid by the two applicants.
As previously stated, the advance notices of intent, the applications for tax exemption, and the appropriate fees were timely filed with the Board. Formosa was dilatory in providing the information necessary to complete the applications, but was granted an extension which was timely met.
Rule 13 (a) provides:
 "The owner of a manufacturing establishment shall carefully document the beginning date of effective operation of the new plant or added facility, and also document the date that construction is essentially complete. The contractee must file that information with the Office of Commerce and Industry on the prescribed Project Completion Report form within thirty (30) days following the last day of the month after effective operation has begun or construction is essentially complete, whichever comes first. The Assistant Secretary for the Office of Commerce and Industry will indicate with a return of a copy of that report the effective date of the tax exemption contracts, which shall be December 31 of the year in which effective operation began or construction was essentially completed, whichever was sooner."
Rule 14 provides:
 "Within six (6) months after construction has been completed, the owner of a manufacturing establishment shall file on the prescribed form an Affidavit of Final Cost showing complete cost of the exempted project. A fee of one hundred dollars ($100.00) shall be filed with the Affidavit of Final Cost for an on site inspection that will be conducted by a representative of the Office of Commerce and Industry. Upon request by the Office of Commerce and Industry, a map showing the location of all facilities exempted in the project will be submitted in order that the exempted property may be clearly identifiable."
Ms. Wallace advised that the Project Completion Report and the Affidavit of Final Cost are actually amendments to the executed contract of exemption. While the appropriate Rules specify a submission date, the Board has historically granted the applicant thirty days after the date of execution of the contract to submit same. Ms. Wallace further advised that it is very common for contracts of exemption to be executed after the applicant is in full operation due to delays in information gathering by the applicant. She estimates that at least two-thirds of the applicants fall into the same case scenario as J-M and Nan Ya.
Rule 9 provides:
 "The Board of Commerce and Industry will not consider for tax exemption any manufacturing establishment, or addition thereto, once such establishment or addition has been in operation for a period of six months unless the Assessor of the parish in which the establishment or addition is located certifies in writing that said establishment or addition is not on the tax rolls. If the establishment or addition is on the tax rolls the Board of Commerce and Industry will consider granting tax exemption if the Assessor and the Louisiana Tax Commission both agree in writing to remove the establishment or addition from the tax rolls should the tax exemption be granted.
 Under no circumstances will the Board of Commerce and Industry consider for tax exemption any manufacturing establishment or addition thereto once ad valorem taxes have been paid on said establishment or addition."
As previously stated, no ad valorem taxes have been paid on the two establishments. Since they will have both been in operation for a period of six months as of the date the Board acts on their applications for exemption, Rule 9 is applicable. Thus, if the property has not been placed on the tax rolls, the assessor need only certify that fact in writing to the Board. If the property has been placed on the tax rolls, the assessor and the Louisiana Tax Commission must both agree, in writing, to remove them if the exemption is granted. See also Attorney General Opinion No. 79-52.
With this general discussion of the constitutional provisions and rules of the Board as a guide, we suggest that, in determining whether tax exempt status should be afforded J-M Manufacturing and Nan Ya Plastics, the Board consider the following:
 (1) Did these establishments fulfill the criteria set forth in the Board's "Description of the Law" and Rule 1?
 (2) Do they constitute new manufacturing establishments or additions to existing ones?
 (3) Have they complied with Board Rules, as those rules have been systematically interpreted and applied historically to other applicants?
 (4) Would an ad valorem tax exemption contract with these applicants be in the best interest of this state?
 (5) Has the Board received the information necessary for compliance with Rule 9, as discussed hereinabove?
Should the Board resolve these issues favorable to the applicants, we are aware of no legal prohibition against executing the contracts for exemption of ad valorem taxes.
If we can be of any further assistance to you in this or any other matter, please do not hesitate to contact us.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: ___________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH, III:lbw-0011R
cc: Mr. R. Paul Adams Mr. Malcolm B. Price, Jr. Mr. J.P. Jewell, Jr.
 CITY OF NEW ORLEANS CHIEF ADMINISTRATIVE OFFICE ROOM 9E01 — CITY HALL NEW ORLEANS, LOUISIANA 70112 (504) 586-4335
SIDNEY J. BARTHELEMY October 24, 1989 STEWART WALKER
MAYOR CHIEF ADMINISTRATIVE OFFICER
The Honorable William J. Guste, Jr. O.R. Attorney General 89-599 234 Loyola Avenue, 7th Floor New Orleans New Orleans, Louisiana 70112 10-30-89
Re: Legal Opinion Request